**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10022 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00828-ROS-2 |
| v. | |
| ISAAC JAMES HENDERSON, Jr., AKA Michael Bailey, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted October 26, 2020**

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Isaac James Henderson, Jr., appeals from the district court's judgment and

challenges the 24-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Henderson first contends that the district court procedurally erred by

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(1) basing the sentence on its earlier promise to impose the statutory maximum term if Henderson again violated supervised release, rather than making an individualized sentencing determination; (2) failing to calculate the Guidelines range, explain the sentence adequately, and respond to his mitigating arguments; and (3) improperly considering the seriousness of his violation conduct. We review these claims for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

Although the district court referenced its earlier promise during the sentencing hearing, the record makes clear that the court imposed the statutory maximum sentence because it believed that any shorter sentence would not be sufficient to sanction Henderson's multiple breaches of the court's trust and to protect the public and afford adequate deterrence. Given this explanation, and the fact that the district court stated that it had reviewed the disposition memorandum, which contained the Guidelines range, Henderson has not shown a reasonable probability that he would have received a different sentence had the district court calculated the Guidelines range on the record, or said more to explain the sentence or address his mitigating arguments. *See United States v. Christensen*, 732 F.3d 1094, 1101-02 (9th Cir. 2013). Finally, the district court did not err in considering the nature of Henderson's violation conduct. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (seriousness of the conduct underlying the violation

20-10022

may be considered as part of the violator's criminal history).

Henderson also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. Unites States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**